UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK LEE DEARWESTER, | No. 2:15-cv-00445 AC P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner at California State Prison Corcoran (CSP-COR), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis. Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), and Local Rule 305(a). See ECF No. 5.

Court records reveal that plaintiff has been designated a "three-strikes litigant" under 28 U.S.C. § 1915(g). On May 28, 2015, in Dearwester v. CDCR et al., Case No. 1:15-cv-00694 MJS P, Magistrate Judge Seng issued an "Order Denying Motion to Proceed In Forma Pauperis and Requiring Payment of Filing Fee in Full," based on his finding that plaintiff had, in 2013, filed at least four cases which were dismissed for failure to state a claim. See id., ECF No. 6 at 2

1

n.1 and related text. Each case was dismissed prior to plaintiff filing the complaint in this action.

Under Section 1915(g), a prisoner is precluded from proceeding in forma pauperis in a federal civil action if "the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Therefore, as a three-strikes litigant, plaintiff is precluded from proceeding in forma pauperis in this action unless his complaint demonstrates that he was under "imminent danger of serious physical injury" when he filed the complaint. See 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047 (9th Cir. 2007). This court is required to assess the relevant circumstances and conditions at the time the complaint was filed, to determine "whether the complaint, as a whole, alleges imminent danger of serious physical injury." Andrews, 493 F.3d at 1053 (citation and internal quotation marks omitted). The danger must be ongoing to meet the imminence requirement. Id. at 1056. "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." Id. at 1056-57. Allegations that are overly speculative or fanciful may be rejected. Id. at 1057 n.11. The alleged imminent danger must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003).

In the present case, the complaint challenges only the failure of CDCR officials to return all of plaintiff's personal property, which was apparently inventoried and partly confiscated when plaintiff was moved from general to segregated housing at California State Prison Lancaster (CSP-LAC) in March 2014; and from CSP-LAC to CSP-COR in June 2014, via the reception center at Deuel Vocational Institute (DVI). Plaintiff contends that his unreturned property includes books, food, stationary, envelopes and writing tablets. The complaint alleges a due process claim and seeks only injunctive relief ("mandating that defendant[s] return all of my stated property to me"). ECF No. 1 at 3.

1    The court finds that the allegations of the complaint fail to demonstrate that plaintiff was
2  in imminent danger of serious physical injury when he filed the complaint.  Therefore, under 28
3  U.S.C. § 1915(g), plaintiff may not proceed in forma pauperis in this action but must pay the
4  required filing fee of $350.00 plus the $50.00 administrative fee. [1]
5    In accordance with the above, IT IS HEREBY ORDERED that:
6    1.  Plaintiff's requests to proceed in forma pauperis in this action, ECF No. 2 & 6, are
7  denied.[2]
8    2.  Plaintiff shall, within thirty days after the filing date of this order, submit $400.00 to
9  the Clerk of Court to commence this action and obtain review of his complaint pursuant to 28
10 U.S.C. § 1915A.
11   3.  Failure to comply with this order will result in the dismissal of this action without
12 prejudice.
13 DATED: September 22, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.
[2] Although the court denies plaintiff's requests to proceed in forma pauperis under the three-strikes statute, 28 U.S.C. § 1915(g), the court notes that the requests themselves are incomplete. Neither request includes a certified copy of plaintiff's prison trust account statement for the six-month period preceding the filing of the complaint or certification by a prison official on the application form itself.  See 28 U.S.C. § 1915(a)(2).